UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

CATHERINE COFFMAN,

         Plaintiff,

v.

THE EXONE COMPANY, PAUL A. CAMUTI, JOHN F. HARTNER, JOHN IRVIN, GREGORY F. PASHKE, S. KENT ROCKWELL, WILLIAM F. STROME, ROGER W. THILTGEN, and BONNIE K. WACHTEL,

         Defendants.

Case No._____

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

------------------------------------------------------------

Plaintiff Catherine Coffman ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

**NATURE AND SUMMARY OF THE ACTION**

1. This is an action brought by Plaintiff against The ExOne Company ("ExOne" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which ExOne will be acquired by Desktop Metal, Inc. ("Desktop Metal") through Desktop Metal's subsidiaries Texas Merger Sub I, Inc. ("Merger Sub I") and Texas Merger Sub II, LLC ("Merger Sub II") (the "Proposed Transaction").

2. On August 11, 2021, ExOne and Desktop Metal issued a joint press release announcing that they had entered into an Agreement and Plan of Merger dated August 11, 2021 (the "Merger Agreement"). Under the terms of the Merger Agreement, ExOne stockholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock they own (the "Merger Consideration"). The Proposed Transaction is valued at approximately $575 million.

3. On October 8, 2021, ExOne filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that ExOne stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's and Desktop Metal's financial projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Stifel Nicolaus & Company, Incorporated ("Stifel"); and (iii) the background of the Proposed Transaction. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In short, unless remedied, ExOne's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to

Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. ExOne's common stock trades on the Nasdaq Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of ExOne.

9. Defendant ExOne is a Delaware corporation with its principal executive offices located at 127 Industry Boulevard, North Huntingdon, Pennsylvania 15642. ExOne is the pioneer and global leader in binder jet 3D printing technology. ExOne's common stock trades on the Nasdaq Global Select Market under the ticker symbol "XONE."

10. Defendant Paul A. Camuti ("Camuti") has been a director of the Company at all relevant times.

11. Defendant John F. Hartner ("Hartner") has been Chief Executive Officer ("CEO") of the Company since May 2019, and a director of the Company since May 13, 2020. Defendant Hartner previously served as Chief Operating Officer of the Company from November 2018 to May 2019.

12. Defendant John Irvin ("Irvin") has been a director of the Company since January 1, 2013.

13. Defendant Gregory F. Pashke ("Pashke") has been a director of the Company since May 18, 2016.

14. Defendant S. Kent Rockwell ("Rockwell") has been Chairman of the Board and a director of the Company since January 1, 2013. Defendant Rockwell previously served as the Company's CEO from January 1, 2013 until August 2016, and from June 2018 to May 15, 2019. Defendant Rockwell also previously served as Executive Chairman of the Board from August 2016 to June 2018.

15. Defendant William F. Strome ("Strome") has been a director of the Company since May 4, 2015.

16. Defendant Roger W. Thiltgen ("Thiltgen") has been a director of the Company since August 8, 2018.

17. Defendant Bonnie K. Wachtel ("Wachtel") has been a director of the Company since February 12, 2013.

18. Defendants identified in paragraphs 10-17 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19. Desktop Metal is a Delaware corporation with its principal executive offices located at 63 3rd Avenue, Burlington, Massachusetts 01803. Desktop Metal offers a comprehensive portfolio of integrated additive manufacturing solutions comprised of hardware, software, materials and services, with support for metals, composites, polymers, ceramics, sands, biocompatible materials, wood and elastomers. Desktop Metal's solutions span use cases across the product life cycle, from product development to mass production and aftermarket operations,

and they address an array of industries, including automotive, healthcare and dental, consumer products, heavy industry, aerospace, machine design and research and development. Desktop Metal's common stock is traded on the New York Stock Exchange under the ticker symbol "DM."

20. Merger Sub I is a Delaware corporation and a wholly owned subsidiary of Desktop Metal.

21. Merger Sub II is a Delaware limited liability company and a wholly owned subsidiary of Desktop Metal.

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company**

22. Founded in 2005, ExOne is a global provider of 3D printing machines and 3D printed and other products, materials and services to industrial customers. ExOne's business primarily consists of manufacturing and selling 3D printing machines and printing products to specification for its customers using its global installed base of 3D printing machines. ExOne's machines serve direct and indirect applications. Direct printing produces a component; indirect printing makes a tool to produce a component. The Company offers its pre-production collaboration and print products for customers through its network of ExOne Adoption Centers. ExOne also supplies the associated materials, including consumables and replacement parts, and other services, including training and technical support, that are necessary for purchasers of its 3D printing machines to print products.

23. On August 11, 2021, the Company announced its second quarter 2021 financial results. ExOne achieved record second quarter revenue of $18.8 million, an increase of 69% year-on-year and 44% sequentially. Second quarter revenue included an all-time quarterly record for recurring revenue of $8.3 million, up 34% year-on-year, driven by material sales. Reflecting on the Company's results and looking to the future, defendant Hartner stated:

The ExOne Team is proud to deliver a record second quarter revenue result, driven by market momentum we continue to see for our portfolio of products, which we believe is the strongest in the company's history and also in the binder jet marketplace, as well as an all-time high in both quarterly recurring revenue and backlog.

We're also benefiting from secular trends that we believe will continue to lift ExOne long into the future, such as a desire to lightweight cars and aircraft for sustainability benefits. While COVID-19 continues to cast uncertainty over the markets we serve, we also see early signs of an economic restart, led by the U.S. market, and a shift in manufacturing approach as a direct result of the pandemic that also benefits ExOne. We're talking to an increasing number of manufacturers who are looking to de-risk and shorten supply chains in a way that supports increased interest in additive manufacturing technologies such as binder jetting for more localized production.

**The Proposed Transaction**

24. On August 11, 2021, ExOne and Desktop Metal issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

BOSTON & NORTH HUNTINGDON, Pa -- Desktop Metal, Inc. (NYSE: DM) ("Desktop Metal") and The ExOne Company (NASDAQ: XONE) ("ExOne") announced today they have entered into a definitive agreement pursuant to which Desktop Metal will acquire all of the issued and outstanding shares of ExOne common stock. Under the terms of the agreement, ExOne shareholders will receive $8.50 in cash and $17.00 in shares of Desktop Metal common stock for each share of ExOne common stock, for a total consideration of $25.50 per share, representing a transaction value of $575 million, subject to a collar mechanism as described below and implying a 47.6% premium to the closing price of ExOne's common stock on August 11, 2021 and a 43.9% premium based on the 30-day average closing price of ExOne common stock. The transaction value also implies an acquisition multiple of 6.4x 2021 consensus revenue estimates for ExOne.

"We are thrilled to bring ExOne into the DM family to create the leading additive manufacturing portfolio for mass production," said Ric Fulop, Founder and CEO of Desktop Metal. "We believe this acquisition will provide customers with more choice as we leverage our complementary technologies and go-to-market efforts to drive continued growth. This transaction is a big step in delivering on our vision of accelerating the adoption of additive manufacturing 2.0."

"We are excited to join forces with Desktop Metal to deliver a more sustainable future through our shared vision of additive manufacturing at high production volumes," said John Hartner, CEO of ExOne. "We believe our complementary platforms will better serve customers, accelerate adoption of green technologies, and drive increased shareholder value. Most importantly, our technologies will

help drive important innovations at meaningful production volumes that can improve the world."

More and more businesses turning to additive manufacturing expect solutions that address all of their requirements across speed, cost, resolution, and part size. The acquisition of ExOne extends Desktop Metal's product platforms with complementary solutions to create a comprehensive portfolio combining throughput, flexibility, and materials breadth while allowing customers to optimize production based on their specific application needs. By combining ExOne's direct sales force with Desktop Metal's global distribution network of over 200 channel partners, the combined company will enable broader access to additive manufacturing solutions for businesses of all sizes while delivering increased materials innovation to provide customers with more choice and drive new application discovery.

"Today is a game-changing moment for the additive manufacturing community," said Kent Rockwell, Chairman of ExOne. "I see incredible opportunity for our customers in working with Desktop Metal and look forward to supporting this new and combined business."

**Transaction Details:**

Under the terms of the agreement, at closing, ExOne stockholders will receive total consideration of $575 million, consisting of $192 million in cash consideration and $383 million in share consideration of Desktop Metal common stock, subject to a collar mechanism on the share consideration component described below.

The share consideration component is subject to an exchange ratio adjustment if Desktop Metal's 20-day volume weighted average price (VWAP) 3 days prior to closing is between $7.94 and $9.70. If the 20-day VWAP exceeds the higher end of that range, the exchange ratio will be fixed at 1.7522 per share, and if the 20-day VWAP goes below the lower end of that range, the exchange ratio will be fixed at 2.1416 per share. The final number of Desktop Metal shares estimated to be issued on a fully diluted basis will range between approximately 39.5 million and 48.3 million shares at closing. Upon closing of the transaction, current Desktop Metal shareholders will own between 85 and 88% and current ExOne shareholders are expected to own between 12 and 15% of the combined company, respectively.

Kent Rockwell, ExOne's Chairman of the Board of Directors and largest shareholder, has entered into a Support Agreement in which he will vote his 4.2 million shares in favor of the transaction.

The transaction, which has been unanimously approved by the Board of Directors of ExOne, is expected to close in the fourth quarter of 2021, subject to the approval of ExOne shareholders and satisfaction of customary closing conditions, including applicable regulatory approvals.

Credit Suisse Securities (USA) LLC is acting as exclusive financial advisor and Latham & Watkins is acting as legal advisor to Desktop Metal. Stifel is acting as exclusive financial advisor and McGuireWoods LLP is acting as legal advisor to ExOne.

**Insiders' Interests in the Proposed Transaction**

25. ExOne insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of ExOne.

26. Notably, ExOne insiders stand to reap substantial financial benefits for securing the deal with Desktop Metal. On August 11, 2021, in connection with the Merger Agreement, the Board approved special cash retention awards for thirty-eight employees, including ExOne's named executive officers, with an aggregate amount of approximately $2.5 million.

27. Moreover, pursuant to the Merger Agreement, all outstanding Company Non-COC Restricted Stock Awards will vest upon closing of the merger. The following table summarizes the number and value of Non-COC Restricted Stock Awards held by Company insiders:

| Non-Employee Directors | Unvested Restricted Stock Awards(#) | Value of Unvested Restricted Stock Awards($)[1] |
|---|---|---|
| S. Kent Rockwell | 5,000 | $118,700 |
| Paul A. Camuti | 4,000 | $ 94,960 |
| John Irvin | 5,000 | $118,700 |
| Gregory F. Pashke | 5,000 | $118,700 |
| William F. Strome | 5,000 | $118,700 |
| Roger Thiltgen | 5,000 | $118,700 |
| Bonnie K. Wachtel | 5,000 | $118,700 |

28. Further, if they are terminated in connection with the Proposed Transaction, ExOne's named executive officers stand to receive substantial cash severance payments as set forth in the following table:

| Named Executive Officer[1] | Cash ($)[2] | Equity ($)[3] | Perquisites/ Benefits ($)[4] | Total ($)[5] |
|---|---|---|---|---|
| John F. Hartner<br>Chief Executive Officer | 1,462,500 | 4,670,092 | 32,352 | 6,164,944 |
| Douglas D. Zemba<br>Chief Financial Officer & Treasurer | 800,000 | 1,753,379 | 32,352 | 2,585,731 |
| Rick Lucas<br>Chief Technology Officer & Vice President of New Markets | 735,000 | 1,370,930 | 32,352 | 2,138,282 |

**The Proxy Statement Contains Material Misstatements or Omissions**

29. The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to ExOne's stockholders. The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

30. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's and Desktop Metal's financial projections; (ii) the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Stifel; and (iii) the background of the Proposed Transaction.

*Material Omissions Concerning the Company's and Desktop Metal's Financial Projections*

31. The Proxy Statement omits material information regarding the Company's and Desktop Metal's financial projections.

32. For example, in connection with its discounted cash flow analyses of ExOne and Desktop Metal, Stifel utilized projected unlevered free cash flow for the second half of calendar year 2021 through calendar year 2025, for both ExOne and Desktop Metal as approved by ExOne

management for Stifel's use. The Proxy Statement fails, however, to disclose the projected unlevered free cash flow for the second half of calendar year 2021 through calendar year 2025, for both ExOne and Desktop Metal.

33. Additionally, the Proxy Statement fails to disclose the line items underlying ExOne's and Desktop Metal's (i) unlevered free cash flow and (ii) adjusted EBITDA.

34. The omission of this information renders the statements in the "Opinion of ExOne's Financial Advisor," "Prospective Financial Information of ExOne" and "Prospective Financial Information of Desktop Metal" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Stifel's Financial Analyses***

35. The Proxy Statement describes Stifel's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Stifel's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, ExOne's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Stifel's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

36. With respect to Stifel's *Discounted Cash Flow Analysis* of ExOne, the Proxy Statement fails to disclose ExOne's unlevered free cash flow for the second half of calendar year 2021 through calendar year 2025.

37. With respect to Stifel's *Discounted Cash Flow Analysis* of Desktop Metal, the Proxy Statement fails to disclose: (i) Desktop Metal's unlevered free cash flow for the second half of calendar year 2021 through calendar year 2025; and (ii) quantification of the inputs and assumptions underlying the discount rate range of 11.5% - 17.5%.

38. With respect to Stifel's *Pro Forma Combined Company Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the unlevered free cash flow for the second half of calendar year 2021 through calendar year 2025 for the pro forma combined company; and (ii) projected calendar year 2025 pro forma combined company revenue.

39. The omission of this information renders the statements in the "Opinion of ExOne's Financial Advisor" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Background of the Proposed Transaction***

40. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

41. For example, the Proxy Statement fails to disclose whether the confidentiality agreement ExOne entered into with the party identified in the Proxy Statement as "Party X" includes a "don't-ask, don't-waive" standstill provision that is presently precluding Party X from submitting a topping bid for the Company.

42. The disclosure of the terms of this confidentiality agreement is crucial to ExOne stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

43. The omission of this information renders the statements in the "Background of the Transaction" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

44. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior

to the stockholder vote on the Proposed Transaction, Plaintiff and the other ExOne stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

45. Plaintiff repeats all previous allegations as if set forth in full.

46. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

47. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's and Desktop Metal's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Stifel, and the background of the Proposed Transaction. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

48. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

49. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

50. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

51. Plaintiff repeats all previous allegations as if set forth in full.

52. The Individual Defendants acted as controlling persons of ExOne within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ExOne, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous

recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

55. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

56. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, ExOne's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of ExOne, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to ExOne stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 21, 2021

**WEISSLAW LLP**

By /s/ Richard A. Acocelli
Richard A. Acocelli
305 Broadway, 7th Floor
New York, NY 10007
Tel: (212) 682-3025
Fax: (212) 682-3010

*Attorneys for Plaintiff*